UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN ANCTIL, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. |
| v. | )  16-10146-FDS |
| | ) |
| SHELLY B. KICK, also known as | ) |
| JORDAN G. QUINN, and JORDAN | ) |
| QUINN CONSULTING LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES

**SAYLOR, J.**

This is an action asserting various state-law claims, arising out of a domestic dispute between plaintiff John Anctil and defendant Shelly Kick. The complaint alleges that after their romantic relationship ended, Kick mismanaged more than one million dollars in assets that Anctil had entrusted to a limited liability company owned by Kick called Jordan Quinn Consulting, LLC. In addition, the complaint alleges that Kick misappropriated Anctil's assets and fraudulently transferred his rights in certain properties. Finally, the complaint alleges claims for defamation, invasion of privacy, and intentional infliction of emotional distress arising out of various post-breakup postings by Kick on social media.

Anctil originally filed a complaint in the Superior Court in Franklin County on December 3, 2012. After three years of litigation, Anctil filed a second complaint on April 16, 2015. On December 15, 2015, the Superior Court consolidated both actions and scheduled a trial for

September 2016.  Defendants filed a notice of removal of the 2015 action on January 28, 2016.[1]  Anctil has moved to remand the case to the Superior Court, and requests attorney's fees and costs.  For the following reasons, the motion will be granted in part and denied in part.

## I.  Background

John Anctil and Shelly Kick began a four-year romantic relationship in October 2007.  Over those four years, Anctil and Kick lived together, shared expenses, wore wedding rings, and referred to each other as "husband" and "wife."  They did not, however, ever get married.

When they met, Kick was unemployed and Anctil owned and operated a lighting company.  In 2008, Anctil acquired four parcels of land that he planned to develop into event spaces or film studios.  To help finance the venture, he entered into leases to install cell towers on the properties and mortgaged one of the parcels.

In addition, Anctil obtained loans from Kick, who had a substantial sum of money from her late husband.  In exchange for the loans, Anctil transferred rights in the four properties to a limited liability company owned by Kick, Jordan Quinn Consulting LLC.  Kick allegedly agreed to manage the properties for Anctil's benefit and pay their joint living expenses, and Anctil agreed to use the proceeds from his lighting company to pay the mortgage on their residence.

The complaint alleges that Kick began misappropriating funds generated by the cell tower leases, the later sale of those leases, and a related insurance settlement.  Consequently, Anctil ended their relationship in October 2011.

The complaint alleges that since the end of their relationship, Anctil has received both

---

[1] From the parties' briefing, it appears that the defendants removed the 2012 action several days after removing the 2015 action, even though they had been consolidated by the Superior Court.  Only defendants' notice of removal of the 2015 action has been properly filed with this Court.  Nonetheless, the parties have briefed the issue as if both actions are before the Court separately.  Because the issue is the timeliness of defendants' removal, resolving that issue for the 2015 action may resolve it for the 2012 action.  Accordingly, the Court will focus on the 2015 action only.

threatening and sexually explicit messages from Kick. She has also allegedly refused to transfer the properties back to Anctil and threatened to sell them for her own benefit. The complaint alleges that Kick is demanding reimbursement from Anctil for their time together, and that she has access to Anctil's social media accounts, from which she is posting explicit comments. Finally, the complaint alleges that Kick has created a website to publish Anctil's tax returns and disparage his lighting company.

Anctil brought the first action in 2012 to recover the four properties and damages arising from Kick's conduct during, and since, their romantic relationship. When the original complaint was filed, both Anctil and Kick were residents of Massachusetts. Kick is apparently the only member of the limited liability company. When Anctil filed the second action in April 2015, the LLC had been dissolved and Kick resided in Tennessee.

## II.   Analysis

### A.   Remand

The removal statute, 28 U.S.C. § 1446(b)(1), provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Where, as here, removal is based on a claim of diversity jurisdiction, notice of removal must be filed within 30 days of receipt of the complaint, or any "other paper from which it may first be ascertained that the case is one which . . . has become removable." *Id.* § 1446(b)(3). However, it may not be removed "more than 1 year after commencement of the action, unless the district court finds the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c).

Here, it could have been ascertained on the face of the April 2015 complaint that the

action was removable on the basis of diversity jurisdiction. Accordingly, the defendants had 30 days from the date of initially receiving the complaint to file a notice of removal. There appears to be some dispute as to when the defendants formally received service of process. Anctil contends that defendants were served on April 22, 2015; defendants contend that they were not served until January 2016. Nonetheless, defendants filed and litigated a motion to dismiss in state court on September 15, 2015, and did not raise any issues with service at that time. Accordingly, it is appropriate to presume that defendants received "through service *or otherwise*, [ ] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," at the latest, on September 15, 2015. *Id.* § 1446(b)(1) (emphasis added). Even accepting that date as the trigger for defendants' 30-day window to remove, the January 2016 notice of removal was untimely.

Accordingly, plaintiff's motion to remand will be granted.

B. **Fees and Costs**

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Here, in light of Kick's *pro se* status and defendants' argument that they did not receive service of process until January 2016, an award of fees does not appear to be "faithful to the purposes" of § 1447(c). *Id.*

Accordingly, plaintiff's motion for attorney's fees and costs will be denied.

## III.     Conclusion

For the foregoing reasons, plaintiff's motion is GRANTED in part and DENIED in part. This matter is hereby remanded to the Superior Court.  Plaintiff's request for attorney's fees and costs is DENIED.

**So Ordered.**

|  |  |
|---|---|
| Dated: March 10, 2016 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |